**SO ORDERED.**

**SIGNED this 15th day of March, 2007.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE

_____

# United States Bankruptcy Court
### Western District of Texas
### San Antonio Division

| | |
|---|---|
| IN RE<br><br>MARIANO D. RENDON, JR. AND<br>   ESMERALDA R. RENDON<br><br>DEBTORS | BANKR. CASE NO.<br><br>06-52501-LMC<br><br><br>CHAPTER 13 |

### ORDER DISMISSING IN PART AND DENYING IN PART MOTION TO CREATE EQUITABLE LIEN/MOTION FOR EMERGENCY OR EXPEDITED HEARING

CAME ON for consideration the foregoing matter. On March 1, 2007, Gabriel and Patricia Perez ("Movants") filed their "Motion to Create Equitable Lien/Motion for Emergency or Expedited Hearing" ("Motion") [Doc. # 22]. For the reasons given below, the Court DISMISSES IN PART and DENIES IN PART the Motion.

The Movants claim to be the occupants of a home located at 204 S. Jefferson St. Midland, Texas. They further claim to have purchased that home from the debtors under an oral installment contract. In support of their position, the Movants have attached several exhibits, including copies of receipts apparently signed by Mr. Rendon, for "down payments" on the Jefferson St. home. The

Movants conclude that they are the rightful owners of the home, and ask the Court for various forms of relief. The debtors, however, on their Schedule A, claim to own the same property in fee simple. The debtors also claim the home as exempt under the Texas homestead exemption, despite the fact that they have not lived there since May 2006. The debtors did not list the Movants as creditors, nor did the debtors disclose any lease for the home in their Schedule G.

The Court construes the Motion as a request for three types of relief: First, an order from the court quieting title in the home in the Movants; second, injunctive relief staving-off any pending eviction action; and third, an objection to the debtors' claim that the Jefferson St. home is exempt property. The Movants also request an expedited hearing in this matter. An expedited hearing is unnecessary because of the disposition granted here.

The Court must dismiss the motion as to the first two of these requested remedies, because neither are appropriately raised by motion in the main bankruptcy case. Put simply, in bankruptcy cases, certain disputes are "contested matters" and others are "adversary proceedings." In contested matters, "relief shall be requested by motion . . . ." FED. R. BANKR. P. 9014. However, adversary proceedings are governed by Part VII of the Federal Rules of Bankruptcy Procedure. FED. R. BANKR. P. 7001. Part VII of the Bankruptcy Rules essentially import the Federal Rules of Civil Procedure, and the adversary proceedings governed under Part VII are essentially individual federal lawsuits that are administered in connection with the main bankruptcy case. While it is true that courts will sometimes allow adversary proceedings to be brought by motion under Rule 9014, *See* 10 COLLIER ON BANKRUPTCY ¶ 9014.01 (15th ed. 2004), such a shortcut is most appropriate where there are no facts in dispute. *See In re Lernout & Houspie Speech Products, N.V.*, 264 B.R. 336, 340 (Bankr. D. Del. 2001). In this case, because it is clear that disputed issues of material fact will be at the heart of the matter, it is not appropriate to take such shortcuts.

"A proceeding to determine the validity, priority or extent of a lien or other interest in property" is an adversary proceeding. FED. R. BANKR. P. 7001(2). The Movants' request for an "equitable lien", or an order for the debtors to execute an "assumption deed", necessarily calls for the Court to determine the extent of the parties interests in the home, and therefore qualifies as an adversary proceeding. Similarly, "a proceeding to obtain an injunction or other equitable relief" is also an adversary proceeding. FED. R. BANKR. P. 7001(7). Should the Perezes wish to seek equitable relief in this Court, (including any stay of an eviction proceeding, for example), they will need to commence an adversary proceeding. *See* FED. R. BANKR. P. 7003.

The Court now turns to the Movants' request that the Court "re-categorize the property as 'Non-Homestead.'" Because the debtors claimed the home in question as exempt in their bankruptcy schedules, the Court construes this request as an objection to exemptions. Such an objection is a contested matter governed by FED. R. BANKR. P. 4003. "[A] party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under § 341(a) is concluded . . . ." The 341 meeting in this case was concluded on January 26, 2007. Because the Motion was not filed until March 1, 2007, more than 30 days had by then elapsed since the conclusion of the 341 meeting. The objection is not timely and is therefore barred. *Coie v. Sadkin (In re Sadkin)*, 36 F.3d 473, 475 (5th Cir. 1994).

It is true that the debtors did not list the Movants on their schedules, nor did the debtors schedule any lease of the property in question, leading to an inference that the Movants did not receive notice of the bankruptcy filing. Lack of notice would implicate due process concerns. However, the Movants, *in their own pleading*, state that they had actual notice of the bankruptcy

filing as early as January 17, 2007.[1] Actual notice of the filing and associated claims of exemption are sufficient to satisfy any due process concerns. *See Sadkin*, 36 F.3d at 475. Further, Movants received this actual notice prior to the conclusion of the 341 meeting. This was plenty of time to timely file an objection to exemptions under Rule 4003. Movants simply slept on their right to object. To the extent that the Motion is an objection to exemptions, it must be denied.

In conclusion, the Motion is DENIED as to the objection to exemption. The Motion is DISMISSED WITHOUT PREJUDICE on all other grounds. A hearing is not necessary at this time. Should the Perezes wish to pursue the matter further in this Court, they may do so by filing an adversary proceeding in this case; this dismissal is no bar to such a proceeding.[2]

# # #

---

[1] "On January 16, 2007, the undersigned attorney forwarded a letter attached and labeled as Exhibit '5' requesting from the Debtors that the appropriate documents be executed.
IV
At that time the undersigned attorney and Creditors GABRIEL PEREZ AND PATRICIA PEREZ were made aware that the debtors had filed for bankruptcy protection."
Motion ¶¶ III-IV.

[2] The court's denial of what it has construed as an objection to exemption is *not* a dispositive ruling on the other question raised by the movant's pleadings, namely, whether the movants are the true owners of the property in question by virtue of an equitable lien or similar remedy. If the debtors do not in fact *own* the property in question, it would be irrelevant that they claimed the property as exempt. One can claim as exempt only what one owns *as of the date of the filing of the bankruptcy case*. Thus, the court's disposition of the exemption issue here has no impact whatsoever on the other question presented, whether the property in question is property of the estate in the first place, as opposed to property of the Perezes. In dismissing that portion of the motion, the court leaves to the Perezes the opportunity to re-urge that claim by way of an adversary proceeding, unimpeded by the court's ruling on the exemption question.

Just in case there is any confusion, let's suppose I claim an exemption on the Brooklyn Bridge, and you fail to timely object to my exemption claim. Is the sainted bridge thus exempt? Technically, section 522(*l*) says it is. But of course, what difference does my exemption claim make if Hizzoner, Mayor Bloomberg, comes to court and successfully establishes that, in fact, the Brooklyn Bridge is not my bridge to claim, but is safely still property of the City of New York, safely untarnished by my exercise in hubris? None at all, you correctly reply, none whatsoever.